Kenneth ALFORD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 90A02-8707-CR-293.

Court of Appeals of Indiana,
Second District.

April 27, 1988.

⟐577.10(8)

Kenneth M. Waterman, Trent M. Patterson, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Kenneth Alford, by interlocutory appeal, seeks reversal of the trial court's denial of his motion to dismiss a charge of operating a vehicle while having .10 percent or greater blood alcohol content.

We affirm.

## ISSUE

Alford argues he is entitled to the sanction of discharge pursuant to Indiana Rule of Criminal Procedure 4(C) because the State failed to timely bring him to trial.

## FACTS

Alford was arrested on April 6, 1986, for operating a vehicle while having .10 percent or greater blood-alcohol content. He was charged with that offense by information on April 7, 1986. On April 21, 1986, Alford filed a motion to suppress the results of blood-alcohol tests performed on him. That same day, the trial court designated June 2, 1986, as the omnibus date and set the motion to suppress for hearing on May 12, 1986. On April 28, 1986, Alford's counsel filed a motion to withdraw. A hearing on this motion was set for the same time as the hearing on Alford's motion to suppress. At the May 12th hearing,

Alford's counsel was permitted to withdraw. Successor counsel entered his appearance and the June 2, 1986 omnibus date was confirmed. On June 2, 1986, trial was set for July 22, 1986.

On June 23, 1986, the State requested a continuance until July 22, 1986, because of a conflict between the trial date and the arresting officer's vacation. The trial court ruled:

State's motion for continuance is granted. Trial of this cause is continued until order of the court pending the filing of a motion to suppress by defendant. (DS—both counsel)

Record at 49.

On April 28, 1987, (more than one year after Alford was charged) a trial date was set for June 19, 1987 pursuant to the State's motion. On May 6, 1987, the State filed a motion for discovery and a witness list. Alford filed a receipt for discovery on May 11, 1987, and a second motion to suppress and a motion to dismiss on June 3, 1987. The motion to dismiss was denied and is the subject of this appeal.

### DISCUSSION

Alford acquiesced in the delay which resulted in the setting of his trial date beyond the limits prescribed in Criminal Rule 4(C).

CR 4(C) reads in relevant part:

(C) Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act....

Alford argues he is entitled to discharge because he was not brought to trial within one year and he is not chargeable with any delay. The State claims that at the time his successor counsel appeared Alford requested a continuance until he filed a second motion to suppress.[1] Therefore, according to the State, the delay after July 22, 1986, is attributable to Alford.

The record does not support the State's contention. The only request for a continuance contained in the record is the State's motion. However, a defendant is charged with delay and the time limitations of CR4 are extended accordingly, not only if he actively seeks the delay, but also if he acquiesces in any delay which results in a later trial date. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085, 1090. Similarly, a defendant who fails to object to a trial setting beyond the timely trial period, when time remains for a trial within the period of the rule, waives his objection. *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 908. Thus, while a defendant does not have an affirmative duty to procure a timely trial, *Huffman, id.*, he is chargeable with any delay occasioned by his failure to fulfill a duty imposed upon him by a court order.

Here, Alford is charged with notice of the trial court's order of June 23, 1986, stating the trial of the cause was "continued until order of the court pending the filing of a motion to suppress by defendant." Record at 49. He knew a trial date would not be set until he did something and his trial would be delayed for as long as he chose to take no action. Based upon this record the trial court could have reasonably concluded Alford acquiesced in the delay. *See Fink v. State* (1984), Ind.App., 471 N.E.2d 1161, 1163. Thus, the trial court did not err in denying Alford's motion to dismiss.

Judgment affirmed.

BUCHANAN and ROBERTSON, JJ., concur.

---

1. The State also argues this court is without jurisdiction because the record of proceedings was not timely filed. This court decided the same question contrary to the State's position in *Koehn v. Devereaux* (1986), Ind.App., 495 N.E.2d 211 and we previously overruled the State's motion to dismiss based upon this claim.