**STATE of Indiana, Appellant–
Plaintiff Below,**

v.

**Tammy N. WALKER, Appellee–
Defendant Below.**

**No. 64A03–9108–CR–253.**

Court of Appeals of Indiana,
Third District.

Dec. 16, 1991.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

STATON, Judge.

The State of Indiana appeals the acquittal of Tammy N. Walker.[1]

We dismiss the appeal.

The facts most favorable to the trial court's judgment indicate that Walker and her boyfriend, James Tucker, were returning home after a night out during which they had both consumed a number of beers. Tucker was driving as they turned off of Highway 30 near Valparaiso en route to LaCrosse. They soon encountered a slow-moving train at a railroad crossing, and stopped to wait for it to pass. Tucker indicated that he was tired and felt he had too much to drink, and Walker offered to drive. They traded places, after which Tucker quickly fell asleep. As she waited for the train, Walker too was unable to remain awake.

The pair were found by police officers sleeping in the car with the engine running. The car had not moved since Tucker had stopped it to wait for the train. The officers awakened Walker and asked her to perform a number of sobriety tests, which she failed. An intoxilyzer test revealed her blood alcohol level to be .14%.

After a bench trial, the trial judge found Walker not guilty, as he found that the State had failed to prove that she was "operating" the automobile after considering the factors set out in our opinion in *Hiegel v. State* (1989), Ind.App., 538 N.E.2d 265, 267, *transfer denied.*

The State cloaks the issue which it raises in the following terms:

Whether the trial court erred as a matter of law in ruling that Defendant was not 'Operating' the vehicle within the meaning of the statute when she was found by police in the driver's seat of the car with the engine running and the car in the middle of the roadway, since there

---

1. Walker did not file a brief.

was no actual movement of the vehicle while Defendant was in the driver's seat. Appellant's Brief, pp. 1–2. By using the phrase "as a matter of law," the State apparently seeks to bring itself within the purview of Indiana Code 35–38–4–2. That statute, which provides the exclusive right of the State to appeal from a criminal proceeding, permits the State to appeal from a reserved question of law if the defendant is acquitted. IC 35–38–4–2(4). In an appeal by the State on a reserved question of law, the reviewing court does not review questions of fact where the finding is for the defendant. *State v. Harner* (1983), Ind., 450 N.E.2d 1005.

Here, the State argues that the evidence at trial established "as a matter of law" that Walker was "operating" the automobile. The factors relevant to this consideration were set out in *Hiegel, supra:*

"(1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel."

*Id.* at 267, *quoting Wells v. Commonwealth* (1986), Ky.App., 709 S.W.2d 847. This determination obviously turns upon the facts of the particular case. Such a determination is wholly inappropriate on appeal as a reserved question of law. *Harner, supra,* at 1006; *State v. Smith* (1990), Ind.App., 562 N.E.2d 1308, 1309. Therefore, we may not review the issue raised by the State.

Appeal dismissed.

HOFFMAN and ROBERTSON, JJ., concur.