**STATE of Indiana, Appellant–Plaintiff,**

v.

**Darrell R. OVERMYER,
Appellee–Defendant.**

**No. 90A05–9811–CR–536.**

Court of Appeals of Indiana.

May 14, 1999.

---

Jeffrey A. Modisett, Attorney General of Indiana, Greg Ullrich, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

RUCKER, Judge

After a trial to the bench, Darrell R. Overmyer (Overmyer) was acquitted of obscene performance as a Class A misdemeanor.[1] The State appeals the acquittal as a reserved question of law pursuant to Ind.Code § 35–38–4–2(4), raising one issue for our review which we rephrase as whether the trial court erred in determining that a person has a reasonable expectation of privacy in a jail visitation area.

Appeal dismissed.

The record reveals that on March 11, 1998, Overmyer visited a female inmate at the Wells County Jail. The jail's visitation area consists of four separate stalls which do not have doors. Inside the stall the visitor and inmate are separated by glass. Using a hidden video surveillance camera, a guard observed Overmyer fondling himself in view of the inmate. The State subsequently charged Overmyer with obscene performance. After a trial to the bench, Overmyer was acquitted. This appeal ensued in due course.

The right of the State to appeal from a criminal proceeding is strictly limited by authorization of statute. *State v. Peters,* 637 N.E.2d 145, 147 (Ind.Ct.App.1994). The purpose of the statute permitting appeals on questions reserved by the State is to obtain opinions of law which shall declare a rule for the guidance of lower courts on questions likely to arise again in criminal prosecutions. *State v. Harner,* 450 N.E.2d 1005, 1005 (Ind. 1983), *overruled on other grounds.* When presented with such appeals, this court will not review questions of fact where the finding is for the defendant. *State v. Walker,* 582 N.E.2d 871, 872 (Ind.Ct.App.1991).

In the present case, the State argues "the trial judge acquitted the defendant on the ground that the defendant had a reasonable expectation of privacy in a jail visitation area to perform an obscene act." Brief of Appellant at 1. The State contends that this determination is incompatible with the facility's need to maintain security. Accordingly, the State asks this court to declare that no reasonable expectation of privacy exists in a jail visitation area.

Both the Indiana and United States constitutions protect people from unreasonable government intrusions into those areas of an individual's life in which he has a legitimate expectation of privacy. These constitutional provisions serve to safeguard the privacy and security of individuals

---

1. Ind.Code § 35–49–3–2.

against arbitrary invasions by government officials. *State v. Thomas,* 642 N.E.2d 240, 243 (Ind.Ct.App.1994), *trans. denied.* This court applies a two-part test announced in *Katz v. U.S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) to determine when a person has a reasonable expectation of privacy. *Id.* Under that test we must first inquire whether the defendant has exhibited an actual, subjective expectation of privacy and, second, whether the expectation is one which society would recognize as reasonable. *Katz,* 389 U.S. at 361, 88 S.Ct. at 516. It is clear that the first of these inquiries would require a consideration of the facts specific to the case to determine whether Overmyer exhibited an actual, subjective expectation of privacy. Such a determination is inappropriate on appeal as a reserved question of law. *Harner,* 450 N.E.2d at 1006. Thus, there is nothing on this issue for us to review.[2]

Appeal dismissed.

BROOK, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting

I respectfully dissent. While I agree with the majority's premise that the subjective component of the *Katz* test is fact sensitive, I fail to see how this creates an insurmountable obstacle for our review of the reserved question of law. In my view, the question can be resolved without ever reaching the factual issue of whether Overmyer exhibited an actual, subjective expectation of privacy.

As the majority notes, the *Katz* test, which is used to determine when someone has a reasonable expectation of privacy, has a twofold requirement: (1) the defendant must have had an actual, subjective expectation of privacy and (2) society would recognize such an expectation as reasonable. *Katz v. U.S.,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967). Whether an actual, subjective expectation of privacy is one that society would recognize as objectively reasonable is a question of law. *State v. Thom-*

as, 642 N.E.2d 240, 244 (Ind.Ct.App.1994), *trans. denied.*

In the instant case, I would begin the analysis by presuming that Overmyer had a subjective expectation of privacy in order to reach the dispositive issue of whether society would deem such expectation as reasonable. With regard to the objective component of the test, it is apparent to me that society would not recognize a reasonable expectation of privacy in a jail visitation area. This court has previously held that jail inmates do not have a reasonable expectation of privacy in their cells because the right to privacy is incompatible with the need to maintain security within the jail. *Cleary v. State,* 663 N.E.2d 779, 783 (Ind.Ct.App.1996); *see also Perkins v. State,* 483 N.E.2d 1379, 1384 (Ind. 1985) (holding that prison inmates do not have a reasonable expectation of privacy in their cells because privacy is incompatible with the need to maintain security by close surveillance of inmates). In my view, the same security concerns are present in jail visitation areas and, therefore, close surveillance is not only objectively reasonable, but should be expected.

Thus, I would address the reserved question of law and hold as a matter of law that a jail visitor does not have a reasonable expectation of privacy in a jail visitation area.

---

**2.** We do not disagree with the dissent's conclusion that a person has no reasonable expectation of privacy in a jail visitation area. However, it is

our view that the issue cannot be reached on the merits because it is not properly before us.