STATE of Indiana, Appellant–Plaintiff,

v.

Genaro LUNA, Appellee–Defendant.

No. 09A02–0907–CR–694.

Court of Appeals of Indiana.

Aug. 5, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Following a jury trial, Genaro Luna was acquitted on eight counts of child molesting,[1] five of which were Class A felonies and three of which were Class C felonies. The State now appeals on a reserved question of law: whether the trial court erred when it admitted evidence that the complaining witness, T.P., had made a prior allegation of molestation, where the only evidence that the prior allegation was "demonstrably false" was that no criminal charges were ever filed against the alleged perpetrator.

We affirm, based however on other grounds.

## FACTS AND PROCEDURAL HISTORY

The State alleged that Luna, then T.P.'s stepfather, molested T.P. over a period of years at the family's home, when T.P. was eight to fourteen years old. Prior to trial, the State filed a motion in limine, seeking to exclude admission of any evidence that, in May 2000, T.P. had claimed another man had molested her; specifically, the State sought to exclude all evidence "[t]hat [T.P.] was a victim of prior molestation at the approximate age of 5 and that the perpetrator was in a relationship with her mother, [D.P.], at the time of the molestation." *Appellant's App.* at 25. At the hearing that followed, Luna's counsel asserted that the prior allegation of molestation was "false," having been investigated but not substantiated and with no resulting criminal charges against the perpetrator. *Tr.* at 26–28. Luna's counsel claimed that the prior "false" accusation was "relevant and admissible in this case to show motivation for why they're bringing these charges against Jerry Luna." *Id.* at 26. Subsequently, the trial court denied the State's motion and issued an order stating, "The defendant is not precluded from referral to prior allegations of molestation made by [T.P.]." *Appellant's App.* at 58.

Thereafter, at trial, the State presented evidence concerning the prior allegation of molestation, namely that when T.P. was five years old her mother's then-boyfriend molested her. Both T.P. and her mother testified about the circumstances of the incident and explained that the matter was reported to the county child protective services, but no criminal charges were ever filed against the alleged perpetrator. *See e.g., Tr.* at 305–10, 492–93, 540–41, 635–36. Counsel for Luna cross-examined the witnesses about the matter without objection

---

1. *See* Ind.Code §§ 35–42–4–3(a)(1), 35–42–4– 3(b).

by the State and also presented evidence that included reference to the prior molestation. *See e.g., Tr.* at 414–15, 440, 670, 705, 763–64; *Def's Ex. A.*

The jury found Luna not guilty of all charged offenses, and he was acquitted. The State now appeals on a reserved question of law regarding the admissibility of the testimony concerning T.P.'s prior allegations of molestation against the other man.

## DISCUSSION AND DECISION

The State appeals under Indiana Code section 35–38–4–2(4), which states:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
>
> . . . .
>
> ▪ (4) Upon a question reserved by the state, if the defendant is acquitted.

The purpose of this statute permitting appeals on questions reserved by the State is to obtain opinions of law which shall declare a rule for the guidance of trial courts on questions likely to arise again in criminal prosecutions. *State v. Overmyer*, 712 N.E.2d 506, 507 (Ind.Ct.App.1999); *see also State v. Hunter*, 898 N.E.2d 455, 457 (Ind.Ct.App.2008) (with reserved question of law, although issue addressed is moot, purpose of appeal is to provide guidance to trial court in future cases).

In this case, the State asserts on a reserved question of law that the trial court should not have admitted evidence that T.P. had made prior allegations of child molesting against someone else, where the only evidence that the allegation was false was that no criminal charges were ever filed against the perpetrator. The State explains that by addressing its reserved question of law, we will "give guidance on how to handle prior allegations of sexual crimes where those allegations do not result in charges." *Reply Br.* at 2.

▪ The admission of evidence relating to a victim's past sexual conduct is governed by Indiana Evidence Rule 412, which is commonly referred to as the Rape Shield Rule. Rule 412 provides that, with very few exceptions, in a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted into evidence. Certain evidence may be admitted, however, provided that it falls within one of Rule 412's exceptions, none of which are relevant here.[2] However, in addition to the Rule's enumerated exceptions, a common law exception has survived the 1994 adoption of the Indiana Rules of Evidence, and this exception provides that evidence of a prior accusation of rape is admissible if: (1) the victim has admitted that his or her prior accusation of rape is false; or (2) the victim's prior accusation is demonstrably false. *State v. Walton*, 715 N.E.2d 824, 828 (Ind.1999).[3] Prior accusations are demonstrably false

---

2. Rule 412's exceptions provide that the following evidence may be admitted: (1) evidence of the victim's or of a witness's past sexual conduct with the defendant; (2) evidence that shows that some person other than the defendant committed the act upon which the prosecution is founded; (3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or (4) evidence of conviction for a crime to impeach under Evidence Rule 609. Ind. Evidence Rule 412.

3. Our supreme court in *Walton* explained the reasoning behind the common law exception:

> Evidence of prior false accusations of rape made by a complaining witness does not constitute "prior sexual conduct" for rape shield purposes. In presenting such evidence, the defendant is not probing the complaining witness's sexual history. Rather, the defendant seeks to prove for impeachment purposes that the complaining witness has previously made false accusations of rape. Viewed in this light, such

where the victim has admitted the falsity of the charges or they have been disproved. *Candler v. State*, 837 N.E.2d 1100, 1103 (Ind.Ct.App.2005). The common law exception to prior false accusations of rape has been interpreted to apply not only to rape, but also to prior false allegations of sex crimes. *See Williams v. State* 779 N.E.2d 610, 613 n. 1 (Ind.Ct.App. 2002) (noting that common law exception to prior false accusation of rape should apply to prior false accusations of sex crimes); *see also Candler*, 837 N.E.2d at 1104 (addressing whether it was proper for trial court to exclude evidence that victim had made prior false allegation of sexual misconduct). In this case, the State argues that the trial court should not have admitted the evidence of T.P.'s prior allegation where, as here, the only evidence that the accusation was "demonstrably false" was that no charges were ever filed against the alleged perpetrator.

While we recognize the State's concern about the likelihood that such evidentiary issues will recur, we do not reach the merits of the State's appeal for several reasons.

■ First, even though the State was the party who filed the motion in limine seeking to exclude any evidence relating to T.P.'s prior allegation of child molesting against her mother's boyfriend, it was the State that initially presented evidence about the matter at trial, and the State did not object upon Luna's further cross examination. As Luna describes, the evidence of the prior child molesting accusation was "interwoven" throughout the State's witnesses' testimonies. *Appellee's Br.* at 5. At trial, Luna's counsel cross-examined the witnesses about the prior allegation, generally without objection, and Luna also presented documentary evidence from a physician that referenced the 2000 incident involving mother's then-boyfriend.

■ It is well recognized that, generally, to preserve error, the party needs to either make an appropriate proffer of the evidence at trial or an objection thereto. *White v. State*, 687 N.E.2d 178, 179 (Ind. 1997) (motions in limine do not preserve errors for appeal and objection must be reasserted at trial, otherwise issue is waived); *Kelley v. State*, 566 N.E.2d 591, 593 (Ind.Ct.App.1991) (after trial court excluded testimony about prior false representation of sexual molestation, defendant failed to make offer to prove at trial, thereby waiving any error for appeal). Considering the State's presentation of evidence on the prior molestation allegation at trial, and its failure to otherwise object, we find that the question of whether the trial court should have admitted the evidence is waived.[4]

■ Second, we find that the issue is not appropriate for review as a reserved question of law. When a defendant is acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *Walton*, 715 N.E.2d at 825 n. 3 (citing *State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind.1987)); *Hunter*, 898 N.E.2d at 457. Consequently, factual determinations are not appropriate on appeal as a reserved question of law. *See State v. Covell*, 580 N.E.2d 704, 706

---

evidence is more properly understood as verbal conduct, not sexual conduct.
*State v. Walton*, 715 N.E.2d 824, 826 (Ind. 1999).

**4.** We note that in *State v. Walton*, 692 N.E.2d 496, 499 n. 4 (Ind.Ct.App.1998), *trans. granted State v. Walton*, 715 N.E.2d 824 (Ind.1999), the defendant contended that the State had waived the right to raise the reserved question of law regarding the admissibility of the victim's prior allegations of rape because the State did not make a timely and specific objection to its admission; without resolving that issue, this court elected to consider the admissibility issue on the merits.

(Ind.Ct.App.1991) (State's contention that error in admitting exhibit prejudiced State is question of fact, and thus is inappropriate question for State to appeal on reserved question of law pursuant to I.C. § 35–38–4–2(4)).

As already stated, only those prior allegations that are false or demonstrably false are admissible. *Candler*, 837 N.E.2d at 1103. Accordingly, in deciding whether to exclude the evidence of T.P.'s prior accusation against her mother's boyfriend, the trial court was required to determine whether that allegation was false or demonstrably false, which necessarily required the court to make a factual determination. Our court touched on the factual nature of the "demonstrably false" assessment in *Candler*. There, the defendant was convicted of child molesting, and on appeal he claimed that the trial court erroneously excluded evidence that the victim had made prior false allegations of sexual misconduct against her stepfather. *Id.* We held, "[T]he trial court's factual determination that ... the charges were not demonstrably false, is not clearly erroneous." *Id.* at 1104; *see also Walton*, 715 N.E.2d at 828 (stating predicates or foundational requirements to admissibility often require factual determinations by trial court and noting "fact sensitive nature" of demonstrably false determination).

Here, the trial court denied the State's motion in limine that sought to exclude evidence concerning T.P.'s allegation in 2000 against her mother's boyfriend, and it permitted the evidence to be presented at trial; implicit in those determinations was the trial court's factual determination that T.P.'s accusation was demonstrably false. Because factual determinations are not appropriate on appeal as a reserved question of law, we decline to review the trial court's decision.

A third reason that we do not reach the merits of the State's reserved question is

that, in our view, existing case law already serves to provide guidance to trial courts on the threshold question presented to us by the State, namely whether prior allegations of sexual misconduct or rape are "demonstrably false" and thus admissible under the common law exception to the Rape Shield Rule simply because those allegations never resulted in criminal charges being filed. *Candler* sheds some light on the matter and indicates that lack of criminal charges does not, by itself, equate to the conclusion that a prior allegation is demonstrably false.

As mentioned, the trial court in *Candler* excluded evidence that the victim had previously made allegations of sexual misconduct against her stepfather, finding that the victim's allegations were not false or demonstrably false. The trial court's order stated in pertinent part:

> The victim herself never acknowledged that the complaints she had made were false; but only that she felt uncomfortable when touched by her stepfather; and she may have overreacted in light of her memory of the Defendant's touching her.
>
> *Similarly there was no evidence presented to suggest that whatever the victim may have complained about respecting the stepfather was demonstrably false. The only evidence presented was that the Child Protective Services did not pursue her complaint;* and that after a brief period of time when she was removed from her stepfather and mother's home, that she returned to live with them.

*Candler*, 837 N.E.2d at 1102 (emphasis added). The *Candler* trial court thus found that an allegation is not demonstrably false solely because child protective services did not pursue the matter with the prosecutor's office; on appeal, we affirmed the trial court's factual determina-

tion in that regard, holding that it was not clearly erroneous. *Id.* at 1104.

Along the same lines, in *Williams,* we reviewed a trial court's decision to exclude the defendant's proffered evidence that the victim had made prior false allegations of sexual misconduct. 779 N.E.2d at 611. There, the defendant was convicted of committing sexual misconduct with a minor, namely his girlfriend's younger sister, C.C. During trial, the State orally moved to prohibit any testimony concerning C.C.'s sexual history, and the defense, outside of the jury's presence, made an offer to prove and submitted testimony that C.C. previously had made a false accusation of sexual misconduct against another, prior boyfriend of her older sister. *Id.* at 611–12. The trial court sustained the State's objection to the evidence and excluded it. *Id.* at 612. On appeal, Williams argued that the excluded testimony was demonstrably false based on circumstances surrounding the prior and current allegations, as well as witness testimonies. We rejected his claim, finding the trial court properly excluded the testimony because "[i]n this case, we merely have an inference that the accusation is false," which in turn suggests that an inference alone is not enough to establish that an allegation is demonstrably false. *Id.* at 613–14. We conclude that existing case law provides sufficient guidance to trial courts that may encounter these issues in the future.

For all of the foregoing reasons, we do not reach the merits of, and otherwise express no opinion on, the State's reserved question of law.

Affirmed.

FRIEDLANDER, J., and ROBB, J. concur.