Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 27 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK ALLEN PRATT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A04-1205-CR-268 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-0709-FC-1054

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

A jury convicted Mark Allen Pratt of class C felony child molesting. On appeal, Pratt challenges the trial court's denial of his motion for discharge pursuant to Indiana Criminal Rule 4(C). He also challenges the trial court's exclusion of evidence that his victim accused Pratt's brother of molesting her. Finding the first argument waived and the second without merit, we affirm.

**Facts and Procedural History**

On September 20, 2007, Pratt was arrested and charged with four counts of class C felony child molesting. The charges were based on acts Pratt allegedly committed with his live-in girlfriend's daughter, H.C., who was born in June 2001. The State later added three counts of class A felony child molesting and then dismissed all charges except for one count of class C felony child molesting. A jury trial was held on February 10, 2012. H.C. testified that in 2007 Pratt took off her nightgown and had her masturbate him. The jury found Pratt guilty as charged. Pratt filed a motion to correct error, which the trial court denied. This appeal ensued.

**Discussion and Decision**

*I. Denial of Motion for Discharge*

After Pratt was arrested and charged in September 2007, both sides requested and received numerous continuances. On January 31, 2011, Pratt filed a motion for discharge pursuant to Criminal Rule 4(C), which reads as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date

2

the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

The trial court heard and denied the motion on February 3, 2011. On February 9, 2011, Pratt signed a written waiver of his "right to be brought to trial within one (1) year" under Criminal Rule 4(C). Appellant's App. at 334.

On appeal, Pratt contends that the trial court erred in denying his motion for discharge, claiming that "[t]he total time that [he] awaited trial, not chargeable to him was six hundred eight (608) days, well beyond the [Criminal Rule 4(C)] limit." Appellant's Br. at 10. The State contends that Pratt has waived this issue in two respects: first, by signing the aforementioned waiver, which is not mentioned in the argument section of Pratt's brief; and second, by failing to provide us with a transcript of the hearing on his motion for discharge. Pratt did not file a reply brief or otherwise respond to the State's waiver claims, so we review them for prima facie error.[1] *Buchanan v. State*, 956 N.E.2d 124, 127 (Ind. Ct. App. 2011).

---

[1] Likewise, Pratt did not respond to the State's extensively documented argument that "the record shows that only 169 days were attributable to the [Criminal Rule 4(C)] period as of [Pratt's] motion for discharge." Appellee's Br. at 12.

3

"Prima facie means at first sight, on first appearance, or on the face of it." *Id*. (citation and quotation marks omitted).

We have said that a defendant may waive his right to a speedy trial. *Bailey v. State*, 397 N.E.2d 1024, 1025 (Ind. Ct. App. 1979), but typically that is done by acquiescing to a trial date outside the one-year deadline. *See*, *e.g.*, *Alford v. State*, 521 N.E.2d 1353, 1354 (Ind. Ct. App. 1988). The State notes that a defendant may waive his right to a jury trial via a written waiver and asserts that Pratt's waiver "is sufficient for this Court to find that [he] waived any right to be tried within one year under Rule 4(C)." Appellee's Br. at 8 (citing *Hogan v. State*, 966 N.E.2d 738, 748 (Ind. Ct. App. 2012), *trans. denied*). Absent any indication that the waiver was not knowing, voluntary, or intelligent or was otherwise defective, we conclude that the State has established waiver on this ground. We reach the same conclusion regarding the State's second waiver claim. *See Davis v. State*, 935 N.E.2d 1215, 1217 (Ind. Ct. App. 2010) (finding appellant's argument regarding waiver of right to jury trial waived where he failed to provide transcript of proceeding: "It is a defendant's duty to present an adequate record clearly showing the alleged error, and where he fails to do so, the issue is waived."), *trans. denied* (2011). To the extent Pratt advances a Sixth Amendment speedy-trial argument in conjunction with his Criminal Rule 4(C) argument, it is also waived because he failed to raise it below. *See Stewart v. State*, 945 N.E.2d 1277, 1288 (Ind. Ct. App. 2011) ("Arguments raised for the first time on appeal are waived."), *trans. denied*.

4

## II. Exclusion of Molestation Accusation

Before trial, Pratt announced his intention to offer evidence that H.C. had accused Pratt's brother of molesting her in 2009 and that an administrative law judge ("ALJ") with the Department of Child Services had found that accusation to be unsubstantiated. The State filed two pretrial motions in limine to exclude this evidence, and the trial court held a hearing on each motion and granted them both. During trial, Pratt made an offer of proof regarding this evidence, which the trial court excluded.

On appeal, Pratt contends that the trial court erred in excluding this evidence. Our opinion in *State v. Luna* sets the stage for our resolution of this issue:

> The admission of evidence relating to a victim's past sexual conduct is governed by Indiana Evidence Rule 412, which is commonly referred to as the Rape Shield Rule. Rule 412 provides that, with very few exceptions, in a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted into evidence. Certain evidence may be admitted, however, provided that it falls within one of Rule 412's exceptions, none of which are relevant here.[2] However, in addition to the Rule's enumerated exceptions, a common law exception has survived the 1994 adoption of the Indiana Rules of Evidence, and this exception provides that evidence of a prior accusation of rape is admissible if: (1) the victim has admitted that his or her prior accusation of rape is false; or (2) the victim's prior accusation is demonstrably false. Prior accusations are demonstrably false where the victim has admitted the falsity of the charges or they have been disproved. The

---

[2] Indiana Evidence Rule 412(a) reads,

> In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:
> (1) evidence of the victim's or of a witness's past sexual conduct with the defendant;
> (2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded;
> (3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or
> (4) evidence of conviction for a crime to impeach under Rule 609.

As in *Luna*, none of these exceptions are relevant here.

common law exception to prior false accusations of rape has been interpreted to apply not only to rape, but also to prior false allegations of sex crimes.

932 N.E.2d 210, 212-13 (Ind. Ct. App. 2010) (citations and footnotes omitted). In ruling on Pratt's offer to prove, the trial court noted that H.C. had not recanted her accusation against Pratt's brother and determined that her accusation had not been shown to be demonstrably false. We review this determination under a clearly erroneous standard. *Candler v. State*, 837 N.E.2d 1100, 1104 (Ind. Ct. App. 2005).

Pratt quotes the following excerpt from the ALJ's decision in support of his argument that H.C.'s accusation is demonstrably false:

> This ALJ cannot find [H.C.'s] September 2009 report of sexual abuse at the hands of [Pratt's brother] is supported by the preponderance of the evidence for two reasons. First, the manner of questioning [by a Department of Child Services family case manager] during the initial report in September 2009 is troublesome and this ALJ agrees with [Indiana State Police Detective Kevin Smith], who has 22 years of law enforcement experience, that the information is unreliable. Second, [H.C.'s] report of sexual abuse is inconsistent.
>
> [This] ALJ reviewed the DVD of the forensic interview of [H.C.] and was concerned by the manner of questioning of the interviewer.… The ALJ found the interview as concerning as Detective Smith testified to in his deposition.

Appellant's Br. at 18 (quoting Appellant's App. at 263).[3]

We agree with the State that "[a]t most, the ALJ's determination could create an inference that H.C.'s accusation was false, but such an inference does not show that the accusation was disproved, which is required for the common law exception to apply."

---

[3] The ALJ's decision was offered into evidence at one of the motion in limine hearings and not in support of Pratt's offer to prove at trial. The State contends that Pratt has waived this issue because he failed to provide us with the transcripts of those hearings. We note, however, that "[a] ruling on a motion in limine does not preserve an error for appellate review," *Wise v. State*, 719 N.E.2d 1192, 1197 (Ind. 1999), and that Pratt preserved his claim of error by making an offer of proof at trial. Ind. Evidence Rule 103.

Appellee's Br. at 16; *Luna*, 932 N.E.2d at 212-13. As such, we cannot say that the trial court's exclusion of evidence regarding H.C.'s accusation was clearly erroneous. Moreover, Pratt has failed to allege, let alone establish, that any error would require the reversal of his conviction. *Cf.* Ind. Appellate Rule 61 ("No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Therefore, we affirm.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.