STATE of Indiana, Appellant
(Plaintiff below),

v.

John WALTON, Appellee
(Defendant below).

No. 49S02–9806–CR–00365.

Supreme Court of Indiana.

Aug. 26, 1999.

Pamela Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

David R. Hennessy, Hammerle Foster Allen & Long–Sharp, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

John Walton was acquitted of rape after the trial court admitted evidence of prior false accusations of rape by the complaining witness. On the State's reserved question of law, the Court of Appeals determined that Walton had not carried his burden in showing the accusations to be demonstrably false and that the evidence should have not been admitted. Finding the evidence to have been properly admitted, we affirm the trial court.

### Background

On August 25, 1995, the State charged Defendant with Rape[1] and Criminal Deviate Conduct.[2] Before trial, Defendant filed a Rape Shield Notice, indicating his intent to present evidence that the complaining witness had made demonstrably false prior allegations of rape. The State filed its objection and requested a hearing on the issue.

At the evidentiary hearing, Defendant presented testimony from two of the complaining witness's former co-workers. Both co-workers testified that they were friends of the complaining witness, and that she had told them that she had been raped on two prior occasions. In addition, both witnesses testified that the complaining witness told them that her child was a product of one of the rapes. As part of her own testimony, the complaining witness denied having made any such allegations. In addition, the complaining witness denied that she had been raped before.

At the conclusion of the hearing, the trial court ruled that evidence of the prior accusation of rape was admissible. In doing so, the court concluded that Defendant had established that the complaining witness had made a prior allegation of rape and that because the complaining witness "acknowledges that the prior rape did not occur," the accusation was demonstrably false.

▇ The matter went to trial on April 8, 1996. On April 15, 1996, the jury acquitted Defendant of both charges. Pursuant to Indiana Code § 35–38–4–2(4), the State initiated an appeal upon a reserved question of law,[3] and the Court of Appeals determined that the evidence of prior false allegations should not have been admitted. *State v. Walton*, 692 N.E.2d 496, 503 (Ind.Ct.App. 1998). Specifically, the Court of Appeals held that although evidence of prior false accusations of rape is admissible as an exception to the Rape Shield Rule, the evidence presented by Defendant was insufficient to prove that the prior accusation was "demonstrably false." *Id.*

### Discussion

Indiana's Rape Shield Act, originally promulgated as Indiana Code § 35–37–4–4, generally prohibited the admission of evidence relating to a rape victim's sexual history. In interpreting the statute, the courts created two exceptions to the general rule of non-admissibility. These exceptions provided

---

1. Ind.Code § 35–42–4–1 (1993).

2. *Id.* § 35–42–4–2.

3. The statute provides: "Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state ... [u]pon a question reserved by the state, if the defendant is acquitted." The reviewing court considers only questions of law. *State v. Goodrich*, 504 N.E.2d 1023, 1024 (Ind.1987). Although the questions addressed are often moot, the purpose of these appeals is to provide guidance to trial courts in future cases. *Id.*

that evidence of a prior false accusation of rape was admissible if either: (1) the victim had admitted that she made a prior false accusation of prior sexual misconduct; or (2) her prior accusation was "demonstrably false." *Stewart v. State*, 531 N.E.2d 1146, 1149 (Ind.1988) (citing *Little v. State*, 413 N.E.2d 639, 643 (Ind.Ct.App.1980)).

Effective January 1, 1994, this Court adopted the Indiana Rules of Evidence. The provisions of Indiana Evidence Rule 412—the current Rape Shield Rule—and Indiana Evidence Rule 608, have raised in the view of some observers "an open question" as to whether the prior false allegation exception still obtains. *See* Robert Lowell Miller, *Indiana Practice*, § 608.206, at 150 (2d ed.1995) (concluding that it "cannot be said with certainty" whether common law exceptions have survived the adoption of the Rules of Evidence); *see also Walton*, 692 N.E.2d at 499 n.6. ("[V]itality of the Rape Shield exceptions subsequent to the Indiana Rules of Evidence taking effect in 1994 is an open question.").

Against this backdrop, the parties present this Court with two questions on appeal: (1) whether the so-called common law exceptions to the Rape Shield Rule permitting the introduction of evidence of prior false accusations of rape survived the adoption of the Indiana Rules of Evidence, and if so, (2) whether the evidence of prior false accusations introduced by Defendant satisfies the "demonstrably false" foundational requirement necessary for its admission.

## I

### A

Indiana Evidence Rule 412,[4] the Rape Shield Rule, incorporates the basic principles of Indiana Code § 35–37–4–4,[5] and as such, the rule reflects the following policy:

[I]nquiry into a victim's prior sexual activity is sufficiently problematic that it should not be permitted to become a focus of the defense. Rule 412 is intended to prevent the victim from being put on trial, to protect the victim against surprise, harassment, and unnecessary invasion of privacy, and, importantly, to remove obstacles to reporting sex crimes.

*Williams v. State*, 681 N.E.2d 195, 200 (Ind. 1997). Consequently, "[t]he Rule does not permit the trial to stray from the central issue of guilt or innocence of the defendant into a full-scale investigation of charges made by the prosecutrix against other persons." *Stewart v. State*, 531 N.E.2d 1146, 1149 (Ind. 1988).

Rule 412 is designed only to preclude evidence of a complaining witness's prior sexual conduct. Evidence of prior false accusations of rape made by a complaining witness does not constitute "prior sexual conduct" for rape shield purposes.[6] In presenting such evidence, the defendant is not probing the complaining witness's sexual history. Rather, the defendant seeks to prove for impeachment purposes that the complaining witness has previously made false accusations of rape. Viewed in this light, such evidence is more properly understood as verbal conduct, not sexual conduct. *Little v.*

---

4. Evid. R. 412 states in pertinent part:
   (a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:
   (1) evidence of the victim's or witness's past sexual conduct with the defendant;
   (2) evidence which shows that some person other than the defendant committed the act upon which the prosecution was founded;
   (3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or
   (4) evidence of conviction for a crime to impeach under Rule 609.

5. Rule 412 was not adopted verbatim from Ind. Code 35–37–4–4. To the extent there are any

differences, Rule 412 controls. *Williams*, 681 N.E.2d at 200 n.6 (Ind.1997). Rule 412 makes no mention of the prior common law exceptions articulated by this Court in *Stewart* and *Little*.

6. This conclusion is consistent with Indiana cases decided prior to the adoption of the Rules of Evidence, as well as the decisions of several other courts addressing the issue. *See, e.g., Little*, 413 N.E.2d at 643; *Cox v. State*, 51 Md.App. 271, 443 A.2d 607, 613 (1982); *Commonwealth v. Bohannon*, 376 Mass. 90, 378 N.E.2d 987, 991–92 (1978); *State v. Durham*, 74 N.C.App. 159, 327 S.E.2d 920, 926 (1985); *State v. LeClair*, 83 Or.App. 121, 730 P.2d 609, 613 (1986).

*State,* 413 N.E.2d 639, 643 (Ind.Ct.App.1980); *Hall v. State,* 176 Ind.App. 59, 374 N.E.2d 62, 65 (1978).[7] To the extent a defendant offers evidence of prior false accusations of rape to impeach the credibility of the witness, we hold that its admission does not run afoul of the Rape Shield Rule.

### B

We must also address whether admitting the evidence at issue is at odds with Indiana Evidence Rule 608(b) which states, in relevant part: "[f]or the purpose of attacking or supporting the witness's credibility, other than conviction of a crime as provided in Rule 609, specific instances may not be inquired into or proven by extrinsic evidence." Evid. R. 608(b). As with Rule 412, cases decided before the adoption of the Indiana Rules of Evidence provided an exception to the common law rule against character impeachment by prior conduct, allowing the admission of prior false allegations of sexual misconduct similar to that with which Defendant was charged. *Little,* 413 N.E.2d, at 643–44; *see also Randall v. State,* 455 N.E.2d 916, 928 (Ind.1983) (outlining the common law rule against character impeachment by similar conduct). As adopted, Rule 608(b) provides no exceptions for prior false accusations, and given that such evidence goes directly to an accuser's character for truthfulness, it would seem to fall clearly within the ambit of the rule.

In this context, however, "evidentiary constraints must sometimes yield to a defendant's right of cross-examination." *Clinebell v. Commonwealth,* 235 Va. 319, 368 S.E.2d 263, 266 (1988); *see also Mengon v. State,* 505 N.E.2d 788, 792 (Ind.1987) (holding that a party's right to cross-examination should not be unduly limited by the court). A defendant's Sixth Amendment right of confrontation requires that the defendant be afforded an opportunity to conduct effective cross-examination of State witnesses in order to test their believability. *Davis v. Alaska,* 415 U.S. 308, 315–18, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Timberlake v. State,* 690 N.E.2d 243, 255 (Ind.1997), *cert. denied,* — U.S. ——, 119 S.Ct. 808, 142 L.Ed.2d 668 (1999). *Coates v. State,* 534 N.E.2d 1087, 1095 (Ind.1989). "The right to cross-examine, as well as other forms of confrontation, 'ensure [sic] that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings.'" *Tague v. Richards,* 3 F.3d 1133, 1138 (7th Cir.1993) (quoting *Maryland v. Craig,* 497 U.S. 836, 846, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)). Accordingly, the majority of jurisdictions that have considered the question—including Indiana cases decided before the adoption of the Rules of Evidence—have held that the evidentiary rule preventing evidence of specific acts of untruthfulness must yield to the defendant's Sixth Amendment right of confrontation and right to present a full defense.[8] Finding both the reasoning and weight of this authority persuasive, we hold that evidence of prior false accusations of rape is admissible to attack the credibility of the accusing witness, notwithstanding the general exclusionary edict of Rule 608(b).

### II

We next address whether the evidentiary foundation for the introduction of evidence of prior false accusations of rape has been satisfied in this case. Walton contends that in setting aside the judgment of the trial court, the Court of Appeals erred in two important ways. First, it failed to give appropriate deference to the findings of the trial court. Second, it erected too rigid a test for showing prior accusations to be demonstrably false. We agree in both respects.

Case law from other jurisdictions indicates a variety of standards used for determining whether an accused has met the burden of

---

7. We note, however, that prior true accusations of rape do constitute evidence of the complaining witness's prior sexual history. Consequently, such evidence is inadmissible under the Rape Shield Rule. *Little,* 413 N.E.2d at 643.

8. *E.g., Clinebell,* 368 S.E.2d at 265–66; *Commonwealth v. Bohannon,* 376 Mass. 90, 378 N.E.2d 987, 990–91 (1978); *West v. State,* 290 Ark. 329, 719 S.W.2d 684, 687 (1986); *State v. Anderson,* 211 Mont. 272, 686 P.2d 193, 198–201 (1984); *Miller v. State,* 105 Nev. 497, 779 P.2d 87, 89 (1989); *Smith v. State,* 259 Ga. 135, 377 S.E.2d 158, 160, *cert. denied,* 493 U.S. 825, 110 S.Ct. 88, 107 L.Ed.2d 53 (1989).

establishing the falsity of prior accusations of rape. Some courts have concluded that a trial judge must determine that a reasonable probability of falsity exists. *See Smith v. State,* 259 Ga. 135, 377 S.E.2d 158, 160, *cert. denied,* 493 U.S. 825, 110 S.Ct. 88, 107 L.Ed.2d 53 (1989); *Clinebell,* 368 S.E.2d at 266. Others have required some "factual basis" of falsity. *Commonwealth v. Bohannon,* 376 Mass. 90, 378 N.E.2d 987, 991 (1978). Still others have required that the falsity of prior accusations be "shown convincingly." *Hughes v. Raines,* 641 F.2d 790, 792 (9th Cir.1981).

In *Stewart v. State,* this Court concluded that evidence of prior false accusations of rape may be admitted if (1) the complaining witness admits he or she made a prior false accusation of rape; or (2) the accusation is demonstrably false. 531 N.E.2d 1146, 1149 (Ind.1988) (*citing Little v. State,* 413 N.E.2d 639, 643 (Ind.Ct.App. 1980)). Here, the complaining witness has not admitted to making any false accusations, rendering the first exception set forth above inapplicable. As such, the accusations must be demonstrably false.

When a trial court has made a ruling concerning the sufficiency of the foundation laid to justify the admission of evidence, we review that decision for an abuse of discretion. *Mullins v. State,* 646 N.E.2d 40, 51 (Ind.1995). "Because the predicates or foundational requirements to admissibility often require factual determinations by the trial court, these findings are entitled to the same deference on appeal as any other factual finding, whether that is described as a clearly erroneous or abuse of discretion standard." *Stahl v. State,* 686 N.E.2d 89, 91 (Ind.1997).

In this case, the trial court heard two witnesses testify that the complaining witness told them that she had been raped on two separate occasions involving two different individuals. (R. at 196–97; 1388–90). We find this adequate to support the trial court's factual determination that the accusations were in fact made. Later, the trial court heard from the complaining witness, who testified that the rapes that were the subject of the accusations had not occurred, and further denied having ever made the accusations. (R. at 578–80). Here again, we find that the trial court's discretion in determining the credibility of this witness should be honored.

The Court of Appeals pointed out that while "no bright line rule can be established" for determining whether a prior accusation is demonstrably false, the demonstrably false standard is "more stringent than a mere credibility determination." *State v. Walton,* 692 N.E.2d 496, 501 (Ind.Ct.App.1998). However, given the fact sensitive nature of the determination, the fact that credibility evaluations lie within the exclusive province of the trial court, and the constitutional and policy considerations furthered by the admission of such evidence, we cannot conclude that the evidence is insufficient in this case.[9]

### Conclusion

The trial court's ruling on the question of law reserved by the State is affirmed.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

---

9. The State has argued that evidence of prior false accusations of rape is admissible only where the complaining witness admits to making the prior accusation. (Appellant's Br. at 3). In support of this argument, the State cites our opinion in *Stewart v. State,* 531 N.E.2d 1146 (Ind.1988). However, the prior accusations in *Stewart* were properly excluded for several reasons not present here, including the fact that (1) an issue remained as to whether the prior accusations were in fact made, and (2) the person alleged to have made the accusation was a witness and not the purported victim.

In any event, *Stewart* clearly contemplates that proof of a prior false accusation may exist even without the complaining witness's admission.