## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 20 2017, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey D. McClarnon
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Francisco Celio,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 20, 2017

Court of Appeals Case No.
30A05-1609-CR-2124

Appeal from the Hancock Circuit Court

The Honorable Richard D. Culver, Judge

Trial Court Cause No.
30C01-1510-FA-1513

**Altice, Judge.**

## Case Summary

[1] Robert Celio appeals following his convictions for Class A felony child molesting, Class A felony criminal deviate conduct, Class B felony incest, Class C felony child molesting, and Class C felony intimidation. On appeal, Celio argues that the trial court abused its discretion in excluding evidence pursuant to Ind. Evidence Rule 412, commonly referred to as the Rape Shield Rule.

[2] We affirm.

## Facts & Procedural History

[3] Celio met his biological daughter, L.D., in 2006, when L.D. was approximately six years old. After Celio's paternity was established through genetic testing, Celio rekindled his relationship with L.D.'s biological mother and moved in with the family. Shortly thereafter, Celio began to sexually abuse L.D. These incidents involved Celio penetrating L.D.'s vagina with his finger and his penis and penetrating her anus with his penis. On one occasion, Celio choked L.D. and beat her with a belt before vaginally and anally penetrating her. On another occasion, Celio held a knife to L.D.'s throat. On yet another occasion, Celio held a gun to L.D.'s head after the assault and threatened to hurt her and her mother if she told anyone what he had done. L.D. did not tell anyone about the abuse because she was afraid.

[4] Eventually, Celio's and L.D.'s biological mother's parental rights to L.D. were terminated for reasons unrelated to the sexual abuse. L.D. was adopted in 2012, and nearly two years later, L.D. finally disclosed the abuse to her adoptive parents. L.D.'s adoptive parents contacted the Department of Child

Services and an investigation ensued, as a result of which Celio was charged with the offenses set forth above. A two-day jury trial commenced on July 12, 2016, at the conclusion of which Celio was found guilty as charged. On August 18, 2016, the trial court sentenced Celio to an aggregate term of fifty years in the Department of Correction. Celio now appeals.

## Discussion & Decision

Celio argues that the trial court abused its discretion in excluding evidence that L.D. had been molested by other individuals.[1] Trial courts are afforded wide discretion in ruling on the admissibility of evidence, and our review of such decisions is limited to determining whether the court abused that discretion. *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id.* In considering whether a trial court has abused its discretion in the admission or exclusion of evidence, we do not reweigh the evidence. *Id.* We consider only the evidence favorable to the ruling and any unrefuted evidence favorable to the defendant. *Id.*

---

[1] Celio's brief does not contain a single citation to the record. *See* Ind. Appellate Rule 22(C) (providing that factual contentions shall be supported by citation to the record); Ind. App. R. 46(A)(5), (6), and (8) (providing that an appellant's brief must contain citations to the record in accordance with Ind. App. R. 22(C)). To avoid waiver in the future, we remind counsel to provide citations to the record as required by the Appellate Rules.

The Rape Shield Rule provides in relevant part as follows:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> > (1) evidence offered to prove that a victim or witness engaged in other sexual behavior; or
> >
> > (2) evidence offered to prove a victim's or witness's sexual predisposition.
>
> (b) Exceptions.
>
> > (1) Criminal Cases. The court may admit the following evidence in a criminal case:
> >
> > > (A) evidence of specific instances of a victim's or witness's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> > >
> > > (B) evidence of specific instances of a victim's or witness's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> > >
> > > (C) evidence whose exclusion would violate the defendant's constitutional rights.

Ind. R. Evid. 412.[2]  The evidence Celio sought to introduce—that L.D. had been molested by other men—clearly falls within the category of evidence that the Rape Shield Rule generally prohibits.[3]  *See Oatts v. State*, 899 N.E.2d 714, 721 (Ind. Ct. App. 2009).  It is also undisputed that the excluded evidence does not fall within the exceptions set forth in Evid. R. 412(b)(1)(A) or (B).  Thus, the question before us is whether the excluded evidence falls within Evid. R. 412(b)(1)(C), that is, whether the exclusion of the evidence violated Celio's constitutional rights.

[7]  Celio argues that the exclusion of evidence that L.D. had been molested by three other men violated his Sixth Amendment right to cross-examine witnesses.  As this court has noted, the right to cross examination is not absolute, and that right may bow in appropriate cases to accommodate other legitimate interests in the criminal trial process.  *Oatts*, 899 N.E.2d at 722.  There are, however, instances in which the application of the Rape Shield Rule may violate a defendant's Sixth Amendment rights.  *Id.*  As is relevant here, "the Sixth Amendment may be implicated when a defendant establishes that

---

[2] Our Supreme Court has noted that the Rape Shield Rule incorporates the basic principles of Ind. Code § 35-37-4-4.  *State v. Walton*, 715 N.E.2d 824, 826 (Ind. 1999).  To the extent there are any differences between the two, the Rape Shield Rule controls.  *Id.* at 826 n.5.

[3] Celio makes a brief argument that "the prohibited evidence would not necessarily be of prior sexual activity" because it is unclear whether the other alleged molestations occurred before or after the molestations of which Celio was convicted.  The Rape Shield Rule prohibits the introduction of evidence "that a victim or witness engaged in other sexual behavior[.]"  Evid. R. 412(a)(1).  It is irrelevant whether that behavior occurred before or after the charged acts.  *See Pribie v. State*, 46 N.E.3d 1241, 1247 (Ind. Ct. App. 2015), *trans. denied*.

the victim engaged in a similar pattern of sexual acts." *Id.* (quoting *Williams v. State*, 691 N.E.2d 195, 201 (Ind. 1997)).

[8] Celio argues that questioning L.D. regarding her other molestations would have allowed the jury to infer that some of the actions L.D. attributed to Celio were actually attributable to the other perpetrators. Celio makes a number of conclusory assertions that there were similarities between L.D.'s allegations against Celio and her allegations against the other perpetrators, but he has provided no citation to the record to support those claims. Furthermore, our review of the record has revealed no such similarities. In fact, the record before us contains no specific facts concerning L.D.'s molestation by other men. Without sufficient facts showing a similarity between L.D.'s allegations against Celio and her allegations against other perpetrators, Celio's argument must fail. *See Oatts*, 899 N.E.2d at 725 (rejecting a similar argument because the defendant "did not offer specific details of the previous molestation and thus failed to show that the prior molestation was similar to the current offense").

[9] Judgment affirmed.

[10] Kirsch, J. and Mathias, J., concur.