**Darlene SAUNDERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0509–CR–550.

Court of Appeals of Indiana.

June 13, 2006.

Transfer Denied Aug. 24, 2006.

1118

Gregory Bowes, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Darlene Saunders ("Saunders") appeals her conviction for aggravated battery for shooting her sister with a gun. Because the State met its burden of disproving Saunders' mistake of fact defense beyond a reasonable doubt and because the trial court did not abuse its discretion in excluding evidence of one witness' specific instance of conduct regarding truthfulness and another witness' convictions that were more than ten years old, we affirm.

### Facts and Procedural History

On May 22, 2004, Faith Black, her daughter Denise Saunders ("Denise"), and Denise's daughter A.S. drove past the home of Jerome Young. Saunders, Black's other daughter, was dating Young. They saw that there was a yard sale at Young's house and decided to stop. At that time, Saunders and Denise had been estranged for approximately one month because of Young. Therefore, Denise remained in the vehicle while Black and A.S.

browsed items in the yard sale. Saunders was standing inside the front door of the house but did not say anything at the time. At some point, Young told Black and A.S. that they could browse the items only if they had some money. However, Saunders told Black and A.S. that they were not welcome and to leave.

At this point, Denise exited the vehicle. Saunders disappeared inside the house, where she retrieved a gun. In the meantime, Denise purchased some fireworks and was waiting for her change outside. Saunders then reappeared in front of the house with a gun by her side. Saunders was standing at the top of an incline, and Denise was standing approximately six to eight feet away at the bottom of the incline. Saunders told Denise, "you got something for me, bitch," "you call the police on my man," "I got something for you." Tr. p. 82. Saunders then pointed her gun at Denise and shot her in the left shoulder/neck area. Denise fell to the ground as blood spurted from the gunshot wound. Saunders pointed the gun in Black's direction, but Black pleaded with Saunders not to shoot her too. Black yelled for someone to call 911. However, Black and A.S. carried Denise to the vehicle and drove her to the hospital instead. As they left for the hospital, Saunders waved the gun in the air and motioned for them to leave.

Saunders gathered her two children, grabbed the gun, and began driving to a motel. Before Saunders reached the motel, she hid the gun inside a manhole cover located a few miles from Young's house. The police arrived at Young's house shortly thereafter and spoke with Young. Saunders later called Young, and Young told her that the police were at his house. Saunders agreed to return to Young's house to speak with the police about the incident. Saunders took the police to the manhole where she had hidden the gun, which still had two bullets in it. Saunders then gave a statement to the police, which was recorded and transcribed. In the statement, Saunders said when Denise exited the vehicle, she went inside the house and "was just—goin' crazy." State's Ex. 16, p. 44. Saunders explained that when she came back outside, she repeatedly told Denise to leave, "but [Denise] went and start movin' her head and talkin' crazy to me so I shot her." *Id.* at 28. Denise claimed that she did not mean to shoot Denise and that she was sorry for what had happened. *Id.* at 36.

The State ultimately charged Saunders with Aggravated Battery, a Class B felony,[1] and Criminal Recklessness, a Class C felony.[2] Pursuant to Indiana Code § 35–41–3–7, Saunders filed a Notice of Mistake of Fact Defense. At the bench trial, Saunders testified in her own defense. Specifically, Saunders testified that she was not familiar with guns and that before she came outside with the gun, she moved a mechanism on the gun, which she thought discharged all of the bullets. Saunders said that she did not check to see if the gun was unloaded but believed that by sliding the mechanism—just like she had seen on television—all of the bullets would come out. She claimed that she did not mean to shoot Denise; rather, she only wanted to scare her. The trial court found Saunders guilty as charged. Because of double jeopardy concerns, the trial court entered judgment of conviction on aggravated battery only. Finding that the mitigators outweighed the aggravators, the trial court sentenced Saunders to the minimum term of six years. Saunders now appeals her aggravated battery conviction.

1. Ind.Code § 35–42–2–1.5.

2. Ind.Code § 35–42–2–2.

## Discussion and Decision

Saunders raises three issues on appeal. First, she contends that the State failed to meet its burden of disproving her mistake of fact defense. Second, she contends that the trial court erred in excluding evidence of a specific instance of misconduct regarding Black. Last, she contends that the trial court erred in excluding evidence of Denise's convictions that were more than ten years old. We address each issue in turn.

### I. Mistake of Fact Defense

■■■ Saunders first contends that the State failed to meet its burden of disproving her mistake of fact defense beyond a reasonable doubt. Pursuant to Indiana Code § 35–41–3–7, a mistake of fact defense "is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." When the State has made a prima facie case of guilt, the burden is on the defendant to establish an evidentiary predicate of his mistaken belief of fact, which is such that it could create a reasonable doubt in the fact-finder's mind that the defendant had acted with the requisite mental state. *Hoskins v. State*, 563 N.E.2d 571, 575 (Ind. 1990). The State retains the ultimate burden of proving beyond a reasonable doubt every element of the charged crime, including culpability or intent, which would in turn entail proof that there was no reasonably held mistaken belief of fact. *Id.* at 575–76. In other words, the State retains the ultimate burden of disproving the defense beyond a reasonable doubt. *Ringham v. State*, 768 N.E.2d 893, 898 (Ind.2002), *reh'g denied; Nordstrom v. State*, 627 N.E.2d 1380, 1383 (Ind.Ct.App. 1994), *trans. denied.* The State may meet its burden by directly rebutting evidence, by affirmatively showing that the defendant made no such mistake, or by simply relying upon evidence from its case-in-chief. *Bergmann v. State*, 486 N.E.2d 653, 660 (Ind.Ct.App.1985).

■■■ Whether Saunders made a mistake of fact is a question for the finder of fact. *Id.* On appeal, we review the issue by the same standard applied when sufficiency of the evidence is challenged. *Id.* That is, we do not reweigh the evidence or judge the credibility of witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* We will uphold the conviction if there is substantial evidence of probative value to support it. *Id.*

The evidence in the State's case-in-chief disproved Saunders' mistake of fact defense beyond a reasonable doubt. In particular, when Denise exited the vehicle, Saunders, who was going "crazy," ran inside the house to retrieve a gun. She emerged with the gun by her side. She then made threatening comments to Denise and told her to leave. When Denise started talking back, Saunders shot her. As Black and A.S. carried Denise to the vehicle, Saunders waved the gun in the air and motioned for them to leave. Saunders then fled the scene with her children and hid the gun. Saunders later returned to Young's house to speak with the police. In her statement to the police, which occurred that very night, Saunders made no mention of the fact that she thought she had removed all of the bullets from the gun before shooting Denise. And no bullets were found at Young's house. Rather, Denise plainly stated in her statement to the police that she shot Denise when Denise did not do what she wanted. It is the prerogative of the fact-finder to weigh the

evidence and to determine who is telling the truth. *See Bergmann,* 486 N.E.2d at 660. The fact-finder here was not required to believe Saunders' mistake of fact defense.[3] We therefore affirm Saunders' aggravated battery conviction.

## II. Specific Instance of Conduct

 Saunders next contends that the trial court erred in excluding evidence of a specific instance of conduct regarding Black's truthfulness. Specifically, Saunders wanted to present evidence that Black had used a false Social Security number and was fired from her job, which has prevented her from getting any other jobs. Generally, the admission or exclusion of evidence is a determination entrusted to the discretion of the trial court.[4] *Carpenter v. State,* 786 N.E.2d 696, 702 (Ind.2003). We will reverse a trial court's decision only for an abuse of discretion, that is, when the trial court's decision is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id.* at 702–03.

 Pursuant to Indiana Evidence Rule 608, the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation for truthfulness; however, specific instances may not be inquired into or proven by extrinsic evidence. Ind. Evidence Rule 608(a), (b). That is, a witness may not be impeached by specific acts of misconduct that have not resulted in criminal convictions. *Rhodes v. State,* 771 N.E.2d 1246, 1254 (Ind.Ct.App.2002), *trans. denied.* On appeal, Saunders admits that pursuant to Evidence Rule 608, the trial court properly excluded evidence of the prior incident regarding Black; however, Saunders argues that it violated her Sixth Amendment right to confront witnesses.

 We first observe that Saunders has waived this issue because she did not object on this ground at trial. "A defendant may not object on one ground at trial and raise another on appeal; any such claim is waived." *Burks v. State,* 838 N.E.2d 510, 522 (Ind.Ct.App.2005), *trans. denied.* Waiver notwithstanding, Saunders still cannot prevail. It is true that the Indiana Supreme Court has held that the evidence rule preventing evidence of specific acts of untruthfulness must yield to a defendant's Sixth Amendment right of confrontation and right to present a full defense. *See State v. Walton,* 715 N.E.2d 824, 827 (Ind.1999). However, the court limited this exception to very narrow circumstances—specifically prior false accusations of rape—that do not apply here. The trial court did not abuse its discretion in excluding evidence of a specific instance of conduct regarding Black's truthfulness.

---

3. In fact, in announcing the verdicts, the trial court specifically stated, "I am exceptionally skeptical about the allegation that [Saunders] emptied the clip before she came around [to the front of the house]." Tr. p. 248. "[S]o I must conclude it did not happen." *Id.*

4. Here, the trial court's decision to exclude the evidence was based on a legal analysis. Arguably, when a trial court's decision to admit or exclude evidence turns on a legal conclusion, we should review it *de novo* rather than for an abuse of discretion. *See Stahl v. State,* 686 N.E.2d 89, 91 (Ind.1997) ("[T]he ultimate question in this case is the interpretation of the language of a rule of evidence that presents a question of law for this Court."); *cf. Evans v. State,* 727 N.E.2d 1072, 1081 (Ind.2000) (when reviewing a trial court's decision to give or reject a lesser included offense jury instruction, we apply a *de novo* standard of review if the trial court's decision resulted from a legal analysis). However, the general practice of this Court and the Indiana Supreme Court is to review *all* admissibility determinations for an abuse of discretion. Therefore, until our Supreme Court directs us otherwise, we will continue to do so. We note that even if we were to review *de novo* the trial court's decision to exclude the evidence, this would not change our result under these facts.

## III. Evidence of Aged Convictions

██ Last, Saunders contends that the trial court erred in excluding evidence of Denise's convictions that were more than ten years old. The record shows that Denise was convicted of Theft/Receiving Stolen Property in April 1991, Criminal Conversion in May 1989, and Forgery in November 1987. As noted above, the admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Carpenter*, 786 N.E.2d at 702.

The general rule is that for the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted if the crime committed or attempted is a crime involving dishonesty. Ind. Evidence Rule 609(a). However, subsection (b) provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or, if the conviction resulted in confinement of the witness then the date of the release of the witness from the confinement unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Evid. R. 609(b).

At trial, Saunders admitted that she did not give the State advance written notice of her intent to use Denise's old convictions, as is required by Evidence Rule 609(b). Notwithstanding this failure, Saunders argued that the old convictions should be admissible because the case boils down to the credibility of the witnesses, and Denise has a pattern of crimes involving dishonesty. The trial court ruled that the old convictions were not admissible, finding that those convictions had little, if any, weight or impact on Denise's credibility as the court had already recognized one conviction—specifically theft in 1994—that fell within the ten-year period.

██ The trial court did not abuse its discretion in concluding that the probative value of the convictions was substantially outweighed by the prejudicial effect. Trial courts may consider a broad range of factors in balancing an aged conviction's probative value against the risk of unfair prejudice, including (1) the impeachment value of the prior crimes; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the witness' testimony; and (5) the centrality of the credibility issue. *Dowdy v. State*, 672 N.E.2d 948, 951 (Ind. Ct.App.1996), *reh'g denied, trans. denied.*

██ At the time of Saunders' trial in August 2005, Denise's three convictions for theft/receiving stolen property, criminal conversion, and forgery were approximately fourteen, sixteen, and eighteen years old, respectively. In addition, these convictions bear little relevance to Denise's testimony at trial regarding the shooting. More importantly, Denise's testimony for the most part was cumulative of Saunders' own statement to the police as well as Black's and A.S.'s trial testimony. Thus, Denise's testimony was not critical to the State's case, and Denise's credibility was not the central issue at trial. Moreover, Saunders did not give the State advance written notice, which Evidence Rule 609(b) plainly requires. The trial court did not

abuse its discretion in excluding evidence of Denise's aged convictions.[5]

Affirmed.

DARDEN, J., concurs.

RILEY, J., concurs in result.

---

5. To the extent Saunders argues that the staleness provision of Evidence Rule 609(b) violates her Sixth Amendment right to confront witnesses, we point out that Saunders did not object on this ground at trial and has therefore waived this issue. Waiver notwithstanding, Saunders still cannot prevail. "While a Sixth Amendment issue is raised when a defendant is prohibited from cross-examining a crucial witness for the State on an area of his credibility, the right to cross-examination is not absolute and is not without limitation." *Stephenson v. State*, 742 N.E.2d 463, 486 (Ind.2001) (citations omitted). Here, Saunders conducted a thorough examination of Denise, challenging her testimony, credibility, and bias. In fact, Saunders presented evidence of Denise's 1994 conviction for theft. There was no Sixth Amendment violation.