**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 18 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BOBBY HOLSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-CR-305 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton A. Graham, Judge
Cause No. 49G17-1206-FD-42399

November 18, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Bobby Holsey appeals his conviction for domestic battery, as a Class A misdemeanor, following a jury trial. Holsey presents two issues for our review:

1.    Whether the trial court abused its discretion when it excluded certain evidence during cross-examination of the victim.

2.    Whether the prosecutor's remarks during closing argument constituted misconduct and whether that misconduct placed Holsey in a position of grave peril.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 27, 2012, at approximately 11:00 p.m., Holsey and his girlfriend, Quanisha Owens, argued about whether Holsey would watch their child the following day while Owens was at work. After Holsey told Owens that he would not watch the child, Owens went into her bedroom to make phone calls to try to find a babysitter. At one point, Holsey came to the doorway and told Owens to get off of the phone. When Owens refused, Holsey repeated his demand that Owens get off of the phone. Then Holsey said, "Get off [of] the phone or else." Transcript at 113. Owens then asked Holsey, "Or else what?" Id. And Holsey responded, "[You]'ll see." Id.

At that point, Owens told the person on the phone to call the police if Owens did not call her back in "a few minutes." Id. Holsey then "charged at" Owens and a physical fight ensued. Id. Holsey had a hand on Owens' neck and threw her against a wall, and Owens' elbow punched a hole in the wall. Owens then fell to the floor, and Holsey kept his hand on her neck. Holsey then took Owens' phone and left the apartment. Holsey had shut the door so hard that the door knob fell off, and Owens could not get the door

2

open. Owens found another phone in her apartment and called 911. When police officers arrived at Owens' apartment, they were unable to open the door from the outside, and Owens was unable to open it from the inside despite their instructions on how to operate the mechanism without the door knob. The officers had to force the door open to gain access to the apartment. Once inside, the officers took photographs of Owens' neck and elbow, as well as the hole in the bedroom wall created by Owens' elbow during the fight with Holsey.

The State charged Holsey with confinement, as a Class D felony; strangulation, a Class D felony; domestic battery, as a Class D felony; battery, as a Class D felony; intimidation, as a Class A misdemeanor; domestic battery, as a Class A misdemeanor; battery, as a Class A misdemeanor; and interference with reporting a crime, a Class A misdemeanor. The State dismissed the intimidation and strangulation charges prior to trial. A jury found Holsey guilty of domestic battery, as a Class A misdemeanor, and battery, as a Class A misdemeanor. The trial court entered judgment of conviction on domestic battery, as a Class A misdemeanor, and sentenced Holsey accordingly. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Cross-Examination

Holsey first contends that the trial court abused its discretion when it prohibited questions on cross-examination of Owens regarding a recent "demonstrably false" accusation that Holsey had physically assaulted her. Appellant's Br. at 7. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. Ware v.

3

State, 816 N.E.2d 1167, 1175 (Ind. Ct. App. 2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

Prior to the start of trial, outside the presence of the jury, Holsey asked the trial court to approve of a line of questioning during cross-examination of Owens. In particular, Holsey made an offer of proof regarding an alleged false police report Owens had made against Holsey approximately five months prior to the instant offense. Holsey submitted to the trial court a case report created by an officer with the Indianapolis Metropolitan Police Department ("IMPD") dated January 6, 2012. The case report stated that: Owens reported that she and Holsey were arguing when he "choke[d]" her, dragged her out of a car and threw her to the ground, and hit her multiple times; Holsey denied the allegations and alleged that Owens had hit him multiple times with her fist; and a neutral eyewitness corroborated Holsey's version of events. Defendant's Exh. A. Holsey did not call either the reporting officer or the eyewitness to testify in support of his offer of proof.

Indiana Evidence Rule 608(b) provides in relevant part as follows: "For the purpose of attacking or supporting the witness's credibility, other than conviction of a crime as provided in Rule 609, specific instances may not be inquired into or proven by extrinsic evidence." Thus, the evidence proffered by Holsey is inadmissible. However, Holsey maintains that the evidence is admissible under the Sixth Amendment to the United States Constitution, citing State v. Walton, 715 N.E.2d 824 (Ind. 1999). In particular, Holsey contends that

> Walton stands for the proposition that prior demonstrably false testimony, in circumstances where the complaining witness has made similar

4

demonstrably false allegations in the past, is admissible as a defendant's Sixth Amendment right "to conduct an effective cross-examination of State witnesses in order to test their believability," [sic] necessarily trumps Indiana Evidence Rule 608(b).

Appellant's Br. at 10.

But in Saunders v. State, 848 N.E.2d 1117, 1122 (Ind. Ct. App. 2006), trans. denied, this court observed that the Walton exception to Rule 608(b) is limited to prior false accusations of rape. We decline Holsey's invitation to extend Walton to the circumstances in this case. Indeed, in Manuel v. State, 971 N.E.2d 1262 (Ind. Ct. App. 2012), we affirmed the trial court's exclusion of evidence that the domestic abuse victim in that case had previously filed domestic abuse charges against the same defendant. In making his offer of proof, the defendant questioned the victim, who admitted that she had recanted her story and the charges had been dropped. On appeal, we held, as here, that that evidence was inadmissible under Evidence Rule 608(b).

Holsey also contends that the evidence of Owens' January 2012 allegations against Holsey was admissible because Owens "opened the door" with her testimony that "she was afraid [of Holsey] and asked her friend to call the police[.]" Appellant's Br. at 11. Holsey maintains that the jury "could reasonably conclude that her fear was based on prior bad acts or instances of domestic violence, rather than on the present incident." Id. And Holsey points out that a juror submitted the following question to the trial court during deliberations: "During their 3[-]year relationship/friendship, had [Holsey] ever acted violently against her before this night? If so, why was it not reported before this incident?" Appellant's App. at 108. Thus, Holsey asserts, Owens' testimony "left jurors

5

with the false impression that prior instances of [Holsey] committing domestic violence against [Owens] had occurred." Appellant's Br. at 11.

A party may "open the door" to otherwise inadmissible evidence by presenting similar evidence that leaves the trier of fact with a false or misleading impression of the facts related. <u>Walker v. Cuppett</u>, 808 N.E.2d 85, 98 (Ind. Ct. App. 2004). But we disagree with Holsey that Owens' testimony likely created a false impression that he had previously battered her. Owens testified that after she and Holsey had argued, she was talking to a friend on the phone when Holsey told her to "[g]et off the phone, or else." Transcript at 113. When Owens inquired, "[O]r else what?", Holsey answered, "[You]'ll see." <u>Id.</u> Owens' testimony indicated that she had told her friend to call the police if she did not call back in a few minutes because Holsey had threatened her. Nothing in Owens' testimony alludes to prior violent acts by Holsey. Holsey's contention that Owens opened the door to the evidence of the January 2012 allegations is without merit.

### Issue Two: Prosecutorial Misconduct

Holsey next contends that the Prosecutor committed misconduct in her closing argument. Holsey acknowledges that he failed to object to the challenged comments at trial. Thus, he contends that the comments constitute fundamental error. As this court has stated:

> To prevail on a claim of prosecutorial misconduct that has been procedurally defaulted, the defendant must establish not only the grounds for the prosecutorial misconduct, but also the additional grounds for fundamental error. In reviewing a claim of prosecutorial misconduct, we determine (1) whether the prosecutor engaged in misconduct, and if so, (2) whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been subjected. Whether a prosecutor's argument constitutes misconduct is

6

measured by reference to case law and the Rules of Professional Conduct. The gravity of peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct.

Fundamental error is an extremely narrow exception to the contemporaneous objection rule that allows a defendant to avoid waiver of an issue. For a claim of prosecutorial misconduct to rise to the level of fundamental error, it must make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process and present an undeniable and substantial potential for harm. The element of harm is not shown by the fact that a defendant was ultimately convicted. Rather, it depends upon whether the defendant's right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he would have been entitled. The mere fact that an alleged error implicates constitutional issues does not establish that fundamental error has occurred.

Ryan v. State, 992 N.E.2d 776, 782-83 (Ind. Ct. App. 2013) (quoting Nichols v. State, 974 N.E.2d 531, 535 (Ind. Ct. App. 2012)).

Here, during her closing argument, defense counsel argued that Owens told "a story" but that the "story fell apart while she was telling it." Transcript at 188-89. She stated that while Owens testified that Holsey had grabbed her neck, the jury "saw no injuries on her neck." Id. at 189. Among other alleged inconsistencies, defense counsel pointed out that Owens did not report having been injured during the 911 call and that the first responding police officer did not observe any injuries to Owens. In response to those assertions that Owens was not credible, the deputy prosecutor on rebuttal stated:

Ms. Owens didn't get up there today and tell a story. She got up there today and told you the truth. She got up there today and told you about a traumatizing event that [Holsey] did. . . . When you piece together that evidence, you will see that Ms. Owens was telling the truth today. . . . Everything that she said today, every piece of evidence that the State has presented is absolutely consistent. Ms. Owens is absolutely telling you the truth. . . . Absolutely every piece of evidence is consistent with the truth that she told as she sat before you today.

7

Id. at 193-95.

In Jones v. State, 976 N.E.2d 1271 (Ind. Ct. App. 2012), trans. denied, we addressed a nearly identical claim of fundamental error based on alleged prosecutorial misconduct. In Jones, the prosecutor asserted in closing argument that the victim was telling the truth. And in response, defense counsel asserted in closing argument that the victim was not credible. We rejected Jones' claim of fundamental error and held as follows:

> Jones's theory at trial was that R.O.'s story was inconsistent and could not be believed. During closing argument, the State asserted that R.O. was telling the truth. In rebuttal, defense counsel again asserted that R.O.'s story was inconsistent. Here, where R.O.'s credibility was at issue and both sides had their say on the matter, we cannot say that the statements made by the State placed Jones in a position of grave peril to which he should not have been subjected. Furthermore, because the statements did not deny Jones a fair trial, we find no fundamental error.

Id. at 1282.

In support of his contention on this issue, Holsey cites Ryan, 992 N.E.2d at 776. In Ryan, we concluded that during closing argument the prosecutor improperly: commented on the defendant's right to a jury trial; disparaged defense counsel; asked the jury to send a message with its verdict; and vouched for the victim's credibility. Id. at 790. And we held that "the cumulative effects of the prosecutor's improprieties deprived Ryan of a fair trial." Id. at 791. Thus, the defendant prevailed on his claim that the prosecutorial misconduct constituted fundamental error.

Here, the circumstances are similar to those in Jones in that Holsey's defense theory at trial was that Owens' testimony was inconsistent and that she was not credible. And this case is readily distinguishable from Ryan because the prosecutor here did not

8

make a myriad of improper remarks during closing argument to cumulatively deprive Holsey of a fair trial. We hold that, because Owens' credibility was at issue "and both sides had their say on the matter," we cannot say that the statements made by the State placed Holsey in a position of grave peril to which he should not have been subjected. See Jones, 976 N.E.2d at 1282. Holsey has not demonstrated fundamental error.

Affirmed.

MATHIAS, J., and BROWN, J., concur.