**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 21 2014, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID JONES,                                )
                                            )
    Appellant-Defendant,        )
                                            )
      vs.                  )    No. 49A02-1312-CR-1032
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49F07-1302-CM-11166

**August 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

David Jones appeals his conviction of carrying a handgun without a license, a Class A misdemeanor. Ind. Code §§ 35-47-2-1 (2012), 35-47-2-23(c) (1997).[1] We affirm.

## ISSUE

Jones raises one issue, which we restate as: Whether the State disproved his defense of mistake of fact beyond a reasonable doubt.

## FACTS AND PROCEDURAL HISTORY

Jones received a handgun permit on July 30, 2008. The permit was valid for four years, with an expiration date of July 30, 2012.[2]

On February 16, 2013, Officer Ryan Archer of the Indianapolis Metropolitan Police Department stopped a vehicle driven by Jones because its license plate light was inoperative. During the traffic stop, Jones disclosed to Archer that he had a gun. Archer removed the gun, a handgun, from Jones' person for officer safety.

Next, Archer asked Jones if he had a permit. Jones took the permit out of his wallet and gave it to Archer. Archer saw that it had expired almost seven months prior. He consulted dispatch to confirm that Jones' permit had expired and arrested Jones upon receiving confirmation.

---

[1] The General Assembly amended Indiana Code section 35-47-2-1 and repealed Indiana Code section 35-47-2-23 after the date of the offense. *See* 2013 Ind. Acts 1533, 1546 (effective July 1, 2014). We apply the versions of the statutes that were in effect at the time of the offense.

[2] The permit was introduced into evidence at trial but has not been included in the transcript. The record contains a sufficient, uncontradicted description of the contents of the permit to allow us to proceed.

The State charged Jones with carrying a handgun without a license, a Class A misdemeanor. The case was tried to the bench. The trial court determined that Jones was guilty and sentenced him accordingly. This appeal followed.

DISCUSSION AND DECISION

When reviewing a challenge to the sufficiency of the evidence underlying a conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Jones of carrying a handgun without a license, the State was required to prove beyond a reasonable doubt that (1) Jones (2) knowingly (3) carried a handgun in his vehicle or on his person (4) without being licensed to carry a handgun.[3]

Jones contends that his violation of the statute was due to a mistake of fact. "It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for the commission of the offense." Ind. Code § 35-41-3-7 (1977). The defense of mistake of fact has three

---

[3] At the time Archer stopped Jones' car, the governing statutes did not specify a level of mental culpability. *See* Ind. Code §§ 35-47-2-1 (2012), 35-47-2-23 (1997). However, our Supreme Court stated that the State must prove that a defendant "knowingly" carried a handgun on his person or in his vehicle without a valid permit. *See Washington v. State*, 517 N.E.2d 77, 79 (Ind. 1987). The General Assembly subsequently amended Indiana Code section 35-47-2-1 to specify that one must knowingly or intentionally carry a handgun without a license to violate the statute. *See* 2013 Ind. Acts 1533 (effective July 1, 2014).

3

elements: (1) the mistake must be honest and reasonable; (2) the mistake must be about a matter of fact; and (3) the mistake must negate the culpability required to commit the crime. *Chavers v. State*, 991 N.E.2d 148, 151 (Ind. Ct. App. 2013), *trans. denied*.

Whether a defendant made a mistake of fact is a question for the finder of fact. *Saunders v. State*, 848 N.E.2d 1117, 1121 (Ind. Ct. App. 2006), *trans. denied*. The State retains the ultimate burden of disproving a defense beyond a reasonable doubt. *Chavers*, 991 N.E.2d at 152. The State may meet its burden by directly rebutting evidence, by affirmatively showing that the defendant made no such mistake, or by relying upon evidence from its case-in-chief. *Id.*

Here, Jones testified that he thought that his handgun permit expired on his birthday, and his birthday was on February 23, after his encounter with Archer. He concludes he established that he mistakenly believed that his permit was still valid, and thus did not knowingly commit the offense. The evidence does not support Jones' argument. On cross-examination, Jones conceded that the permit plainly stated the expiration date, which had passed almost seven months prior. In addition, Jones also testified that he had not looked at the permit in "years" and had "never had to pull it out" of his wallet. Tr. pp. 17, 19. The State thus presented evidence to undermine Jones' claim that he had a reasonable basis to believe the permit had not expired. Further, the trier of fact was not required to believe Jones' explanation. *See Saunders*, 848 N.E.2d at 1122 (finder of fact not required to believe defendant's claim that she thought she had previously unloaded the gun and thus lacked the intent to shoot the victim). The State submitted sufficient evidence to disprove Jones' defense beyond a reasonable doubt.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAILEY, J., and BROWN, J., concur.