## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2020, 9:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Abshire
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brett Michael Horein,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2020

Court of Appeals Case No.
19A-CR-1966

Appeal from the St. Joseph
Superior Court

The Honorable David C.
Chapleau, Judge

The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D06-1903-CM-1167

**Pyle, Judge.**

# Statement of the Case

[1] Brett Horein ("Horein") appeals his conviction, following a bench trial, for Class A misdemeanor conversion.[1] Horein argues that there was insufficient evidence to support his conviction. Concluding that Horein's argument is merely a request to reweigh the evidence, we deny this request and affirm his conviction.

[2] We affirm.

# Issue

Whether sufficient evidence supports Horein's conviction.

# Facts

[3] On February 19, 2019, Horein called his father, Bruce Horein ("Bruce"), and asked if he could go to Bruce's house to use his laptop. Bruce agreed. Bruce—who had had a prior incident with Horein that led to Bruce testifying in a criminal case against his son in January—arranged for Ronald Baker ("Baker"), who was a friend of both Horein and Bruce, to be at the house when Horein arrived. Thereafter, Horein and his friend Lennie ("Lennie") went to Bruce's house. After Horein had used Bruce's laptop, he walked over to a cabinet where Bruce kept his cell phones and electronics. In this cabinet, Bruce had a refurbished iPhone that he had previously purchased online for his wife, and

---

[1] IND. CODE § 35-43-4-3.

the phone was still in its box. Horein took the box, opened it, took out the cell phone, and asked Bruce why he had Horein's cell phone. Bruce told Horein, "That's not your phone[.]" (Tr. Vol. 2 At 17). Horein responded, "How do you know? You have my phone." (Tr. Vol. 2 at 17). Bruce again told Horein that the phone was not his and that he had purchased it for his wife. When Bruce approached Horein to take the phone, Horein "became very angry" and "came at" Bruce. (Tr. Vol. 2 At 18). Lennie intervened and pushed Horein away from Bruce. Horein took out his own cell phone that he had brought with him, threw it at Bruce, and said "this piece of crap is your phone." (Tr. Vol. 2 at 18). Horein then left Bruce's house with Bruce's refurbished iPhone and never returned it. Thereafter, Bruce contacted the police.

[4] The State charged Horein with Class A misdemeanor conversion. On July 25, 2019, the trial court held a bench trial, during which Bruce and Baker testified regarding Horein's actions at Bruce's house. Baker also testified he had been with Bruce when he had made the online purchase of the refurbished iPhone and that he knew Bruce had purchased it for his wife. Additionally, Baker corroborated Bruce's testimony that Bruce had told Horein that the refurbished iPhone did not belong to Horein. The trial court found Horein guilty as charged, imposed a sentence of thirty (30) days, and ordered him to pay restitution. Horein now appeals.

## Decision

[5] Horein argues that the evidence was insufficient to support his Class A misdemeanor conversion conviction.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[6] The conversion statute, INDIANA CODE § 35-43-4-3(a), provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Thus, to convict Horein for conversion as charged, the State was required to establish beyond a reasonable doubt that Horein knowingly or intentionally exerted unauthorized control over Bruce's refurbished iPhone. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a).

[7] Horein contends that the State failed to prove that he had the required intent because he "reasonably believed" that the refurbished iPhone was his own. (Horein's Br. 7). To support his argument, Horein cites to the statutory defense of mistake of fact in INDIANA CODE § 35-41-3-7, which provides that "[i]t is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." A mistake of fact defense requires a defendant to prove that: (1) the mistake was honest and reasonable; (2) the mistake was about a matter of fact; and (3) the mistake negates the culpability required to commit the crime. *See Potter v. State*, 684 N.E.2d 1127, 1135 (Ind. 1997); *Nolan v. State*, 863 N.E.2d 398, 404 (Ind. Ct. App. 2007), *trans denied*. A mistake of fact defense is a question for the finder of fact, and we review the issue by the same standard as we do with a challenge to the sufficiency of the evidence. *Saunders v. State*, 848 N.E.2d 1117, 1121 (Ind. Ct. App. 2006), *trans. denied*.

[8] Horein "acknowledges that the defense of 'mistake of fact' was not specifically presented at trial," but he contends that the trial court "should have considered it" nonetheless. (Horein's Br. 7). We disagree. Because Horein is raising this affirmative defense for the first time on appeal, he has waived it. *See Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985) (providing that affirmative defenses must be raised at trial and cannot be raised for the first time on appeal).

[9] Waiver notwithstanding, Horein has failed to show that any mistake of fact was reasonable. "Reasonableness [of a mistake of fact] is an objective test inquiring

what a reasonable man situated in similar circumstances would do." *Nolan*, 863 N.E.2d at 404. Here, the evidence showed that Bruce had previously purchased a refurbished iPhone for his wife. The phone was in its box and placed in Bruce's cabinet. Horein, who had gone to Bruce's house with his own cell phone, went into Bruce's cabinet and took the refurbished iPhone out of the box. When Horein stated that the phone was his, Bruce told Horein that it was not and that he had purchased it for his wife. When Bruce approached Horein to take the phone, Horein "became very angry" and "came at" Bruce. (Tr. Vol. 2 At 18). Horein took out his own cell phone that he had brought with him, threw it at Bruce, and said "this piece of crap is your phone." (Tr. Vol. 2 at 18). Horein then left Bruce's house with Bruce's refurbished iPhone and never returned it. Baker, who had been with Bruce when he purchased the refurbished iPhone online and was at Bruce's house the day that Horein was there, corroborated Bruce's testimony. The trial court, as finder of fact, determined that the State had "met its burden of establishing that the elements of conversion, that Mr. Brett Horein [had] knowingly or intentionally exerted unauthorized control over the property of Bruce Horein." (Tr. Vol. 2 at 37). Horein's argument is simply a request to reweigh the evidence and reassess the trial court's credibility determination, which we will not do. *See Drane*, 867 N.E.2d at 146. Accordingly, we affirm Horein's Class A misdemeanor conversion conviction.

Affirmed.

May, J., and Crone, J., concur.